LEROY FRED ROLOFF and ROSE ROLOFF, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roloff v. Commissioner
Docket No. 7231-79.
United States Tax Court
T.C. Memo 1981-18; 1981 Tax Ct. Memo LEXIS 726; 41 T.C.M. (CCH) 721; T.C.M. (RIA) 81018; January 22, 1981
*726 George D. Crowley and Richard L. Manning, for the petitioners. Stephen J. Morrow, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $ 4,864.81 in petitioners' Federal income tax for 1972 and an addition to tax for fraud of $ 2,432.41 under section 6653(b). [1] The only issue is to determine the amount by which petitioners understated their 1972 taxable income. [2]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners, Leroy Fred Roloff and Rose Roloff, were residents of Palos Hills, Ill., when they filed their petition herein. Leroy Fred Roloff (hereinafter petitioner) is a truck driver who was active in the local government of Palos Hills, Ill., for many years. In 1961, he was elected to be a city alderman for a four-year term and was subsequently reelected for two *727 more terms. During 1972, petitioner served as chairman of the city building and zoning committee. It was his responsibility to receive initially all proposals for zoning and annexation. He would then relay the proposal and any public hearing results to the city council which would vote to approve or to disapprove the proposal. The city council consisted of the mayor, petitioner, and six other aldermen. In 1971, a group of developers submitted a proposal for the annexation and zoning of some property they owned so the property could be used for development. The proposal was controversial mainly because of environmental concerns. In 1972, an agreement was reached between the developers and petitioner that petitioner would receive $ 20,000 if the city council approved the developers' proposal. On March 22, 1972, the city council approved the proposal by a six to two vote. The mayor and five aldermen, including petitioner, voted in favor of the developers. As a result of the city council's approval of their proposal, the developers paid petitioner $ 20,000 in three installments. When petitioner received the first installment of $ 8,000, he distributed $ 5,000 to the mayor *728 and $ 1,000 each to three of the four aldermen who had voted with him. The second installment of $ 7,000 was divided between the four aldermen other than petitioner who had voted in the developers' favor. Petitioner retained the final $ 5,000 installment for himself. Respondent introduced grand jury testimony wherein the mayor pled the Fifth Amendment, one alderman denied receiving any money from petitioner, and one alderman admitted receiving $ 1,000. Petitioners reported no part of the $ 20,000 payment on their Federal income tax return for 1972. In his statutory notice, respondent determined petitioner had unreported income in 1972 of $ 20,000. At trial, he conceded that the $ 1,000 one alderman admitted receiving was not income to petitioner. OPINION The only issue is to determine the amount by which petitioner understated his 1972 taxable income. Petitioner received $ 20,000 from a group of developers for favorable action by the Palos Hills city council on an annexation and zoning proposal. Respondent concedes that any amount petitioner paid to the mayor and aldermen voting for the proposal is not petitioner's income. Accordingly, our only inquiry is what amount, *729 if any, petitioner paid over. Petitioner bears the burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. The only evidence before us is petitioner's testimony at trial and the grand jury testimony introduced by respondent. The real question is whom do we believe. While petitioner's past actions were abhorrent and violative of the public trust, we found him to be a forthright and credible witness in the trial herein. His description of the manner of disbursement and the necessity of sharing the payoff is much more believable than respondent's version which is based on grand jury testimony of other persons, one of whom pled the Fifth Amendment and all of whom had strong incentives to deny receiving bribes. We have found as a fact that petitioner retained only $ 5,000 of the $ 20,000 he received, the remainder was distributed to those who voted with him on the developers' proposal. Therefore, we hold petitioner understated his 1972 taxable income by $ 5,000. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended. ↩
2. Petitioner Leroy Fred Roloff concedes liability for a sec. 6653(b) addition to tax upon the deficiency as finally determined. No addition to tax was determined against petitioner Rose Roloff.↩